UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. 1:21-cr-97 |
| | ) | |
| v. | ) | Judge Atchley |
| | ) | |
| MATTHEW REYNA | ) | Magistrate Judge Steger |
| | ) | |

## MEMORANDUM OPINION

Before the Court is Defendant's Motion for Sentence Reduction Under Guideline Amendment 821, Part A. [Doc. 31]. The United States ("the Government") has responded in opposition to Defendant's Motion. [Doc. 32]. For the reasons stated below, Defendant's Motion [Doc. 31] is **DENIED**.

### I.    BACKGROUND

On August 24, 2021, an Indictment charged Defendant with one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). [Doc. 1]. On November 10, 2021, Defendant pleaded guilty to this sole count. [Doc. 18].

Defendant is 25 years old. [Doc. 21 at 3]. The Presentence Investigation Report ("PSR") indicates Defendant has prior adult convictions for felony possession of a Schedule VI substance, disorderly conduct, and three counts of burglary of an automobile. [*Id*. at ¶¶ 39–41].

Additionally, Defendant reported he began consuming alcohol and marijuana at age twelve. [*Id*. at ¶ 65]. In his late teenage years and early twenties, Defendant also used benzodiazepines, Ecstasy, cocaine, hallucinogens, heroin, Percocet and Fentanyl. [*Id*.]. Defendant completed substance abuse treatment as a juvenile, and was referred again as an adult, but unable to complete the classes due to his arrest. [*Id*. at ¶ 66]. At the time of sentencing, Defendant acknowledged substance abuse treatment would be beneficial. [*Id*.].

The PSR determined Defendant's base offense level was 22 and a four-level enhancement was applied under U.S. Sentencing Guideline (U.S.S.G.) §2K2.1(b)(6)(B) because he possessed a firearm in connection with a felony offense—possession of a distribution quantity of marijuana and drug-trafficking paraphernalia. (Doc. 21 at ¶¶ 25–26]. A three-level reduction for acceptance of responsibility was applied for a total offense level of 23. [*Id*. at ¶¶ 33–35]. Defendant's prior convictions yielded a criminal history score of three, to which the PSR added two "status points" for committing the instant offense while under a criminal justice sentence. [*Id*. at ¶¶ 42–43]. His resulting criminal history score of five placed him in criminal history category III. [*Id*. at ¶ 44]. The Court accepted the PSR without change. [Doc. 29 at 1]. Based on an offense level of 23 and criminal history category of III, the Court calculated a guideline range of 57 to 71 months of imprisonment. [*Id*.]. The Court accepted the binding plea agreement for a variance and sentenced Defendant to 54 months in prison. [Doc. 28 at 2]. Defendant's projected release date is August 2, 2025. *See* Inmate Locator, Federal Bureau of Prisons, *available at* https://www.bop.gov/inmateloc/ (last visited February 20, 2025).

While incarcerated, Defendant has incurred disciplinary infractions on eight separate occasions. [Doc. 32-1]. His most recent offense was destruction of property valued at $100 or less on November 19, 2024. [*Id*. at 1]. On October 20, 2024, Defendant admitted to being in a hostile physical altercation with another inmate while in a housing unit. [*Id*.]. He has also incurred disciplinary sanctions for assault, attempted assault, refusal to obey an order, use of drugs, and possession of unauthorized items, including drugs/alcohol. [*Id*. at 1–3].

At sentencing, the Court recommended Defendant participate in the residential drug abuse treatment program, but Defendant later declined treatment. [Doc. 28 at 2; Doc. 32-2 at 1]. The Bureau of Prisons considers Defendant to be at high risk of recidivism. [Doc. 32-2 at 2]. This is

based in part on Defendant's criminal history score. [*See* Doc. 31 at 2]. To Defendant's credit, while incarcerated, he has earned his GED and completed 19 hours of other educational programming. [Doc. 32-2 at 1, 3].

Effective November 1, 2023, Amendment 821 reduced status points from two to one if the defendant received 7 or more points under U.S.S.G. § 4A1.1(a)–(d) and eliminated them otherwise. *See* U.S.S.G. § 4A1.1(e). This amendment applies retroactively. U.S.S.G. § 1B1.10(d). The present motion followed.

## II.   LEGAL STANDARD

A district court has "no inherent authority … to modify an otherwise valid sentence." *United States v. Washington*, 584 F.3d 693, 700 (6th Cir. 2009). "A district court may modify a defendant's sentence only as provided by statute." *United States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2009). However, 18 U.S.C. § 3582(c)(2) provides: "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

The Supreme Court has explained that § 3582(c)(2) requires a "two-step inquiry." *Dillon v. United States*, 560 U.S. 817, 826 (2010). At step one, the Court must "determine that a reduction is consistent with [U.S.S.G.] § 1B1.10." *Id.* A reduction is inconsistent with § 1B1.10 if none of the amendments made retroactive in the policy statement apply to the defendant or would "have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2). In determining what reduction, if any, is appropriate, the Court "determine[s] the amended guideline

range that would have been applicable to the defendant if the amendment(s) . . . had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1). The Court must "leave all other guideline application decisions unaffected." *Id.* With limited exceptions, "the court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range . . . ." U.S.S.G. § 1B1.10(b)(2)(A). Nor may the "reduced term of imprisonment be less than the term of imprisonment the defendant has already served." U.S.S.G. § 1B1.10(b)(2)(C).

At step two, the Court considers the applicable § 3553(a) factors to determine whether the authorized reduction is appropriate "in whole or in part under the particular circumstances of the case." *Dillon*, 560 U.S. at 827. "[T]he decision whether and to what extent to grant an authorized sentence reduction is discretionary." *United States v. Monday*, 390 F. App'x 550, 554 (6th Cir. 2010) (citing *Johnson*, 564 F.3d at 421). But "proceedings under 18 U.S.C. § 3582(c)(2) and [U.S.S.G. § 1B1.10] do not constitute a full resentencing of the defendant." U.S.S.G. § 1B1.10(a)(3).

### III. ANALYSIS

Here, the parties agree that Amendment 821 produces an amended guideline range of 51 to 63 months. [Doc. 31 at 1; Doc. 32 at 4]. Defendant's current sentence of 54 months is at the low end of his amended sentencing range. Defendant requests a sentence of 51 months. [Doc. 31 at 1]. The Government recommends denying the motion based on defendant's post-sentencing conduct. [Doc. 32 at 1].

Considering all Defendant's conduct before and after sentencing, the § 3553(a) factors weigh toward denial of Defendant's motion to reduce his sentence. Within the last three years, Defendant has incurred disciplinary infractions on eight separate occasions. [Doc. 32-1]. The two

4

most recent incidents occurred in the past five months, including one for being in a hostile physical altercation with another person. [Doc. 32-1 at 1]. At least two of Defendants other disciplinary sanctions involved unauthorized possession of drugs or alcohol. [*Id.* at 1, 3]. Defendant's infractions coupled with his refusal of drug treatment suggest a need to protect the public from future crimes Defendant might commit. The Bureau of Prison's classification of Defendant as a high risk of recidivism supports this conclusion, even after considering the impact of his criminal history points on his classification. [Doc. 32-2 at 2; *see* Doc. 31 at 2].

Reducing Defendant's sentence to the full extent possible under Amendment 821 would not meet the goals of the § 3553 factors in light of the need to promote respect for the law and to protect the public from further crimes of Defendant. *See* 18 U.S.C. § 3553(a).

IV. **CONCLUSION**

For the foregoing reasons, Defendant's Motion [Doc. 31] is **DENIED.** An appropriate order will enter.

**SO ORDERED.**

/s/*Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**